IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. STOCKTON
ADC #169885                                                                                    PLAINITFF

V.                           NO. 4:23-cv-00007-JM-ERE

JOE PAGE                                                                                       DEFENDANT

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Introduction:**

On January 3, 2023, Plaintiff Joshua M. Stockton, an Arkansas Division of Correction inmate housed at the Pine Bluff Unit ("Unit"), filed this lawsuit *pro se* under 42 U.S.C. § 1983, complaining about the conditions of his confinement. Specifically, Mr. Stockton alleges that Warden Joe Page has ordered Unit staff to

turn the cell lights out at 10:30 p.m. and turn them back on 2:00 a.m. As a result, Mr. Stockton has lost sleep and suffers from sleep deprivation. He seeks money damages and injunctive relief in the form of "sleeping conditions." *Doc. 1 at 3*.

As explained below, Mr. Stockton's complaint should be dismissed on screening[1] because it is clear from the face of his pleading that he failed to exhaust his administrative remedies before filing this action.

### III. Discussion:

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Thus, the PLRA required Mr. Stockton to satisfy the ADC's requirements for raising and

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

administratively exhausting his unconstitutional conditions of confinement claim against Warden Page before bringing this action.[2]

While failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted. See *Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005) (dismissal for failure to exhaust inappropriate unless the failure is apparent on face of complaint); and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.")

Mr. Stockton, on his form § 1983 complaint, checked "Yes" in response to whether he filed a grievance regarding the facts alleged in the complaint. *Doc. 1 at 2*. The complaint form requested that Mr. Stockton attach copies evidencing

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or her misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

"completion of **the final step of the grievance appeal** procedure." *Id*. (emphasis in original). Mr. Stockton attached to his complaint the unit level grievance form. *Doc. 1 at 4*. According to that form, on December 15, 2022, Mr. Stockton submitted an informal resolution to prison officials presenting his sleep deprivation allegation. *Id*. On December 24, 2022, prison officials acknowledged Mr. Stockton's informal resolution as a formal grievance. According to the "acknowledgement or rejection" of Mr. Stockton's unit level grievance, the Warden had until January 20, 2023, to respond to Mr. Stockton's grievance.³ *Id at 5*. No additional grievance papers are attached to Mr. Stockton's complaint.

On January 3, 2023, Mr. Stockton filed this lawsuit. At that time, the grievance process was ongoing, which confirms that Mr. Stockton could not have completed the ADC grievance process before filing this lawsuit.

Based on the face of Mr. Stockton's complaint and the included attachments, it is clear that he failed to attempt to fully exhaust his administrative remedies

---

³ As stated in the ADC's publicly available inmate handbook, under the ADC's 3-step grievance procedure, once the Warden responds to a grievance, the inmate must then proceed to Step 3 by appealing the Warden's decision and awaiting an appeal decision. Only after completing all three steps of the grievance procedure may an ADC inmate properly file suit in federal court. https://doc.arkansas.gov/wp-content/uploads/2022/10/Arkansas-Division-of-Correction-Inmate-Handbook-Revised-November-1-2022-Director-approved.pdf (last accessed January 26, 2023). See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original).
Although the inmate handbook is not part of the record in this case, the Court may "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" in determining whether Mr. Stockton has stated a plausible constitutional claim for relief. *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017).

regarding his unconstitutional conditions of confinement claim *before* filing this lawsuit.

## IV.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.  Mr. Stockton's complaint be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies before filing this lawsuit.

2.  The Clerk be instructed to close this case.

Dated this 26th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE